IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LISA BARNEY,<br><br>           Plaintiff,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>           Defendant. | ORDER<br><br>Case No. 2:05CV791DAK |

This matter is before the court on Plaintiff's "Petition for EAJA Attorney's Fees." The government has filed an opposition, and Plaintiff has filed a reply. Based on the memoranda filed by the parties and the law and facts relevant to the petition, the court enters the following order.

Plaintiff is seeking attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* The government does not contest that Plaintiff prevailed in this action. The government also does not oppose the reasonableness of the attorney's fees sought. Therefore, the only issue is whether the government's position was substantially justified.

The Supreme Court has defined "substantially justified" to mean that the position taken by the government was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The court stated that this definition is the same as that adopted by the Ninth Circuit, which looks to a reasonable basis both in law and fact." *Id.* A "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2.

Defendant argues that although this court ruled that the matter should be remanded to the ALJ for further proceedings, it took a reasonable position concerning the weight to be given to Plaintiff's treating physician's opinion. While the ALJ erred in not explaining why he rejected certain limitations reported by the treating physician, there was substantial evidence in the record that was inconsistent with the treating physician's findings. An ALJ is not required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments if it is inconsistent with other substantial evidence of record. *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995). Therefore, Defendant argues that it reasonably asserted in this litigation that the record evidence could support the ALJ's findings.

Defendant's position in this litigation, however, was not based on reasoning relied on by the ALJ and the ALJ's findings appear to be inconsistent with the treating physician's actual testimony. Therefore, based on the Tenth Circuit's recent decision in *Hackett v. Barnhart*, 469 F.3d 937 (10th Cir. 2006), the court concludes that Defendant's position was not substantially justified.

Plaintiff requests attorney's fees of 44.4 hours for litigation of the case and 7.7 hours for preparation of a response in support of the attorney's fees petition. The court finds the hours for

preparation of the response to be excessive and decreases it to 4 hours.  Therefore, the court awards Plaintiff attorney's fees of $7841.28.

Based on the above reasoning, Plaintiff's Petition for Award of Attorney Fees under the EAJA is GRANTED in the amount of $7841.28.

DATED this 25th day of June, 2007.

_____
Dale A. Kimball,
United States District Judge